IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
GEORGIA ATHENS DIVISION

| | |
|---|---|
| XIAO SONG,<br><br>  Plaintiff,<br><br>v.<br><br>THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, JOSE CORDERO in his individual capacity, AND MARSHA DAVIS in her individual capacity,<br><br>  Defendants. | Civil Action No.<br>3:23-cv-00149-CDL<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Dr. Xiao Song ("Plaintiff" or "Dr. Song"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendants for violations of her rights under the Ku Klux Klan Act, Section 1983, 42 U.S.C. § 1983 et seq. ("Section 1983"), the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343, 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, 42 U.S.C. §1981, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, Section 1983, and Section 504 of the Rehabilitation Act. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 25, 2023; the EEOC issued its Notice of Right to Sue on March 22, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

The University of Georgia ("UGA") is a public institution of higher education. Its main campus is located in Athens, Georgia. UGA is part of the University System of Georgia, which is governed by the Board of Regents of the University of Georgia.

8.

Jose Cordero is the Department Head of Epidemiology and Biostatistics at the University of Georgia. He is named in his individual capacity.

9.

Marsha Davis is a Dean of Health Promotion and Behavior at the University of Georgia. She is named in her individual capacity.

10.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

11.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto,

Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5). During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## **FACTUAL ALLEGATIONS**

12.

Plaintiff began working for Defendant in 2006 as an Assistant Professor in the Department of Epidemiology and Biostatistics. Her position is currently Professor in the Department of Epidemiology and Biostatistics.

13.

Dr. Song is Asian-American.

14.

Dr. Song is a tenured faculty member at the University of Georgia.

15.

Dr. Song never received any discipline during her time at the University other than such discipline concerning the events that form the basis of this charge.

16.

Dr. Song met all performance expectations.

17.

In August and September of 2020, Dr. Song's colleague, Dr. Zhang, raised to the attention of the Department Head, Dr. Jose Cordero, and the college Dean, Dr. Marsha Davis, that a white promotion and tenure candidate had put together a dossier that contained falsehoods.

18.

Dr. Zhang is also Asian-American.

19.

Neither Dr. Cordero nor Dean Marsha Davis took any action on this information.

20.

Instead, Dr. Cordero reprimanded Dr. Zhang in a formal Letter of Counseling for "presenting false allegations" in her report.

21.

Dr. Song and Dr. Zhang both presented information regarding the white applicant's inflated application to the committee in the departmental faculty promotion and tenure meeting in August of 2020.

22.

Dr. Cordero, as a result of Dr. Song and Dr. Zhang's complaints, prevented Dr. Song and Dr. Zhang from voting for faculty promotion in their department, even though both were entitled to vote.

23.

In 2020 and 2021, Dr. Zhang and Dr. Song reported to the department head that they had been prevented from voting in this matter unjustly.

24.

At the end of 2021, the provost's office appointed an investigation committee. Though Song and Zhang had requested to keep their identities confidential throughout reporting, both Dr. Song and Zhang's identities were revealed.

25.

Immediately after the investigation report came out, Dr. Cordero, having determined the identities of the individuals who complained about his conduct, rated Dr. Song as "not having met expectations," in her annual evaluation in March of 2022.

26.

With the recent change to the University System of Georgia's tenure policy, this meant that Dr. Song could risk dismissal if she did not receive a

rating of "meets expectations."

27.

On March 24, 2022, about 5 hours after Dr. Song's annual evaluation meeting with Dr. Cordero, Dr. Song received a letter of counseling from Marsha Davis falsely accusing her of "being disrespectful" during the annual evaluation meeting and "being disruptive."

28.

In March of 2022, Dr. Song and her colleagues complained about race and national origin discrimination and retaliation.

29.

On December 1, 2022, Dr. Song called the president's office to report that she had been subjected to retaliation for making complaints about a white tenure candidate's false dossier.

30.

In February of 2023, Dr. Song was rated again as not having "met expectations" in research rating by Dr. Cordero.

31.

However, nothing about Dr. Song's performance had changed

32.

Dr. Song is also a witness in the complaints lodge by her co-worker,

Ming Zhang, who has also complained of discrimination and retaliation.

33.

Other employees who are not Asian women of Chinese origin, or who have not complained or participated in protected activity, have had lower performance than Dr. Song and did not receive lower performance reviews.

## CLAIMS FOR RELIEF

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*(Against the Board of Regents of the University System of Georgia)*

34.

Plaintiff re-alleges paragraphs 1-33 as if set forth fully herein.

35.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

36.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

37.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

38.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her

economic, psychological, and physical well-being.

39.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT II:  NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*(Against the Board of Regents of the University System of Georgia)*

40.

Plaintiff re-alleges paragraphs 1-81  as if set forth fully herein.

41.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

42.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

43.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her national origin.

44.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

45.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT III: RACE DISCRIMINATION VIOLATION OF 42 U.S.C. § 1981 THROUGH SECTION 1983

*(Against Defendants Davis and Cordero in their individual capacities)*

46.

Plaintiff re-alleges paragraphs 1-81 as if set forth fully herein.

47.

Defendants Cordero and Davis subjected Plaintiff to discrimination and harassment on the basis of her race by treating her differently than her white male counterparts, by, *inter alia,* refusing her a teaching assistant, extensions, and otherwise barring her from opportunities afforded to her non-Asian counterparts as described above.

48.

Defendants' actions in subjecting Plaintiff to different terms and

conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

49.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of her race.

50.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical wellbeing.

51.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

52.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

53.

Defendants chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT IV: R E T A L I A T I O N  I N  VIOLATION OF 42 U.S.C. § 1981 THROUGH SECTION 1983

*(Against Defendants Davis and Cordero in their individual capacities)*

54.

Plaintiff re-alleges paragraphs 1-82 as if set forth fully herein.

55.

Plaintiff engaged in protected conduct when she complained about race- based discrimination.

56.

Defendants Davis and Cordero subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct by complaining of unequal treatment on the basis of her race; *inter alia*, that (1) she was being denied opportunities on the basis of identifying falsehoods in a white tenure candidate's dossier, (2) that she was being denied a teaching assistant on the basis of her race, and (3) that she was being subjected to discipline and denied her course buyouts on the basis of her race.

57.

There was a causal connection between the protected conduct and the adverse action.

58.

As a direct and proximate result of these actions, Plaintiff has suffered financial and physical well-being damages.

59.

Defendants. therefore, are liable for the damages caused proximately resulting from its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for faculty tenure loss, mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which may be entitled.

**BARRETT & FARAHANY**

s/ *Kate Cantolina*
Kate Cantolina
Georgia Bar No. 794526

Counsel for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kate@justiceatwork.com