IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| XIAO SONG,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, JOSE CORDERO in his individual capacity, AND<br>MARSHA DAVIS in her individual capacity,<br><br>Defendants. | Civil Action No.<br>3:24-cv-00056-CDL |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

COME NOW the Board of Regents of the University System of Georgia (the "Board"), and Jose Cordero and Marsha Davis, in their individual capacities (collectively "Defendants"), by and through counsel, the Attorney General of the State of Georgia, and file their Responses and Objections to Plaintiff's Statement of Material Facts (Doc. 20-1).

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Disputed: There is no support or testimony as to the origin, author, and accuracy of Song's Exhibit 17, called "Institutional Salary Chart", cited in support of Plaintiff's Statement of Material Facts Paragraph 6.

1

7. Disputed: There is no support or testimony as to the origin, author, and accuracy of Song's Exhibit 17, called "Institutional Salary Chart", cited in support of Plaintiff's Statement of Material Facts Paragraph 7.

8. Undisputed.

9. Disputed: There is no support or testimony as to the origin, author, and accuracy of Song's Exhibit 17, called "Institutional Salary Chart", cited in support of Plaintiff's Statement of Material Facts Paragraph 9.

10. Disputed: There is no support or testimony as to the origin, author, and accuracy of Song's Exhibit 17, called "Institutional Salary Chart", cited in support of Plaintiff's Statement of Material Facts Paragraph 10.

11. Disputed. There is no support or testimony as to the origin, author, and accuracy of Song's Exhibit 17, called "Institutional Salary Chart", to support Plaintiff's Statement of Material Facts Paragraph 11, nor does Song's deposition testimony or Song's Exhibit 10 support Paragraph 11.

12. Undisputed.

13. Disputed: 2025 is not the relevant time period for Plaintiff's claims.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Disputed that Song's Exhibit 23, a budget planning email, supports Plaintiff's Statement of Material Facts Paragraph 18.

19. Undisputed.

20. Disputed that Song's Exhibit 25 relates to guidelines for 2025 (they were for 2024, as stated at the top of the document), and undisputed that the University System did not provide merit-based salary increases for FY 2024. (Doc. 20-25, Song's Exhibit 25, Salary Administration Guidelines Fiscal Year 2024)

21. Disputed that Song's Exhibit 23, a budget planning email, supports Plaintiff's Statement of Material Facts Paragraph 21, and undisputed that a $2,000 cost-of-living adjustment was provided for faculty per Song's Exhibit 25.

22. Undisputed.

23. Undisputed.

24. Disputed: Cordero investigated Song, Zhang, and Huang's concerns and concluded that Swartzendruber had not submitted false information in her dossier. (Doc. 16-3, Defs. Exhibit E)

25. Disputed: The Review Committee found that only one person was not included on the Outlook meeting invitation; one person declined the meeting; and one person did not respond to the invitation. (Doc. 15-2, Defs. Exhibit B-10 at 1)

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Disputed: Cordero explained in his letter to the promotion and tenure committee that certain of Song's concerns had been investigated before the meeting. (Doc. 16-3, Defs. Exhibit E at 1-4; *see also* Song's Exhibit 4) It is further disputed that the vote was "forced."

30. Disputed: Cordero states in his letter that the counseling was directed at Zhang's behavior in the meeting, including interrupting other members of the committee, having a negative

3

tone, creating discomfort among the group, and other conduct "unbecoming for a faculty member." (Song's Exhibit 4, Zhang Letter of Counseling, September 23, 2020) He also states it was "not the first time you have presented false allegations about other fellow faculty members.") (*Id.*)

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed.

35. Undisputed.

36. Undisputed.

37. Undisputed.

38. Undisputed that this is what Song and Zhang's letter alleges, but disputed that Cordero had in fact retaliated against Song and Zhang.

39. Disputed as to the relevance to Song's claims, and disputed as to the fact: Song and Zhang alleged that Zhang's interview was the only one with an "outside observer," but Davis testified that it was not unusual for Timothy Heckman, then the Senior Associate Dean for Research and Academic Affairs, to sit in on annual evaluation meetings. (Doc. 14-3, Defs. Exhibit A, Davis Depo. at 100:24-25, 101: 24-25, 102:1-14)

40. Undisputed.

41. Disputed: The Review Committee Report expressly stated that they reviewed the materials submitted to the Provost by Song, Zhang, and Huang. (Doc. 15-2, Defs. Exhibit B-10 at 1)

42. Undisputed.

43. Disputed as to the relevance to Song's claims.

4

44. Disputed: Davis testified that it was not unusual for Timothy Heckman, then the Senior Associate Dean for Research and Academic Affairs, to sit in on annual evaluation meetings. (Doc. 14-3, Defs. Exhibit A, Davis Depo. at 100:24-25, 101: 24-25, 102:1-14)

45. Undisputed.

46. Undisputed.

47. Undisputed.

48. Disputed: Song did not identify Rathbun in her Evaluation Response, and Song's deposition testimony did not confirm her claims regarding Rathbun; she stated that she did not know the amount of Rathbun's funding "because we never talk about exact amount," only that she obtained "some idea" of her colleagues' funding. (Doc. 17, Defs. Exhibit B, Song Depo at 87:24-25, 88:1-7, 90:9-12)

49. Undisputed.

50. Disputed to the extent nothing in Song's response letter indicates that she mentioned retaliation in the meeting. (Defs. Exhibit B-22)

51. Undisputed.

52. Undisputed that Song claimed this in her response letter but disputed that Cordero was not following the appropriate annual evaluation guidelines. (Doc. 15-3, Defs. Exhibit B-17, 2021 Annual Evaluation)

53. Undisputed that Song claimed this in her response letter but disputed that Cordero was not following the appropriate annual evaluation guidelines, and disputed that her funding "would have been over $70,000." (Doc. 15-3, Defs. Exhibit B-17, 2021 Annual Evaluation)

54. Disputed as conclusory. (*See also* Defs. Reply Brief at 5)

55. Disputed that they "would" affect, as opposed to "could" affect, and also disputed that the citation to Davis' deposition supports the statement at paragraph 55.

56. Undisputed that Song did not receive a written response.

57. Disputed: Song was aware of the existing standards as a professor in the College and by virtue of serving on the committee that developed the new annual evaluation criteria. (Doc. 17, Defs. Exhibit B, Song Depo at 117)

58. Undisputed that Song received the letter of counseling from Davis, but disputed that it related to funding or evaluation guidelines; as shown therein, the counseling was directed at Song's conduct during the evaluation meeting and her behavior observed and documented by the Review Committee. (Doc. 20-13, Song's Exhibit 13 at 2)

59. Undisputed.

60. Undisputed.

61. Undisputed.

62. Undisputed.

63. Undisputed that Song alleged an "average performance over years" should have applied to her but disputed that Cordero was not following the appropriate annual evaluation guidelines. (Doc. 15-5, Defs. Exhibit 20, 2022 Annual Evaluation at 3)

64. Undisputed.

65. Undisputed that Song alleged the guideline was incomplete but disputed that Cordero was not following the appropriate annual evaluation guidelines. (Doc. 15-5, Defs. Exhibit 20, 2022 Annual Evaluation at 3)

66. Undisputed that Song alleged she had met the guideline.

67. Undisputed that Song concluded she had met expectations but disputed as conclusory.

68. Undisputed.

69. Undisputed.

70. Undisputed.

71. Undisputed.

Respectfully submitted, this 5th day of September, 2025.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| KATHERINE P. STOFF<br>Senior Assistant Attorney General | 536807 |
| **s/Devin Hartness Smith**<br>DEVIN HARTNESS SMITH<br>Special Assistant Attorney General | 918980 |

Cook & Tolley LLP
304 East Washington Street
Athens, Georgia 30601
Telephone: (706) 549-6111
Facsimile: (706) 548-0956
Email: devinhsmith@cooktolley.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I have this day served Defendants' Responses and Objections to Plaintiff's Statement of Material Facts upon counsel for Plaintiff via electronic mail, as follows:

Kate A. Cantolina
Kira Fonteneau
The Workers' Firm LLC
P.O. Box 530092
Atlanta, GA 30353
(404) 382-9660
kate@theworkersfirm.com
kira@theworkersfirm.com

This 5th day of September, 2025.

        **s/Devin Hartness Smith**
        DEVIN HARTNESS SMITH 918980
        Special Assistant Attorney General